STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

March 27, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHARLES J. ADKINS,**
**Claimant Below, Petitioner**

**vs.)    No. 11-1008** (BOR Appeal No. 2045425)
               (Claim No. 2010096374)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**MOUNTAIN EDGE MINING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles J. Adkins, by John Robert Weaver, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Mountain Edge Mining, Inc., by William T. Brotherton III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 3, 2011, in which the Board affirmed a December 1, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 10, 2009, decision denying Mr. Adkins's claim for occupational pneumoconiosis. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Adkins worked in the coal mines for Mountain Edge Mining, Inc. On August 10, 2009, the claims administrator rejected the claim for occupational pneumoconiosis because the dust samples showed that Mountain Edge Mining was within compliance with United States Department of Labor regulations during Mr. Adkins's period of employment there.

The Office of Judges affirmed the claims administrator's finding that Mr. Adkins failed to submit evidence that proved he was exposed to abnormal quantities of hazardous dust in the course of and as a result of his employment with Mountain Edge Mining. On appeal, Mr. Adkins disagrees and asserts that he has demonstrated by a preponderance of the evidence through his testimony about the dust conditions and his breathing problems that he has been exposed to the hazards of occupational pneumoconiosis for approximately fourteen to fifteen years. He also argues that Mountain Edge Mining did not offer testimony or evidence that the dust samplings were credible or performed in compliance with MSHA regulations. Mountain Edge Mining maintains that the Board of Review's Order is supported by the substantial evidence of record, therefore, the Order should be affirmed.

West Virginia Code of State Rules § 85-20-52.2 (2006) states that if an employer submits credible evidence demonstrating that it has been in compliance with OSHA and/or MSHA permissible exposure levels, as determined by sampling and testing performed in compliance with OSHA and/or MSHA regulations, the claims administrator may conclude that the dust exposure alleged by the injured employer does not suffice to satisfy the exposure requirements of West Virginia Code §§ 23-4-1(b) (2008) and 23-4-15(b) (2010) for the periods covered by the sampling or the testing. The Office of Judges relied on the dust samples taken from Dorothy No. 3 Mine for various job positions and on various occasions between October 18, 2007, to April 2, 2008, July 14, 2008, to November 3, 2008, and March 23, 2009, to May 21, 2009, submitted by the employer. The dust concentration ranged from 0.03 milligrams per cubic meter to 1.68 milligrams per cubic meter. The Office of Judges noted Mr. Adkins's job code 50 ranged from as low as 0.8 milligrams per cubic meter to as high as 1.68 milligrams per cubic meter. The Office of Judges concluded this was a fairly representative time period for Mr. Adkins's employment with Mountain Edge Mining that began in February of 2007. The Office of Judges noted that the dust samples showed that respirable dust was not present in a concentration of two mg per cubic meter or greater which is the maximum allowable concentration. The Office of Judges concluded that the claims administrator's findings were correct. The Board of Review reached the same reasoned conclusions in its decision of June 3, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   March 27, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II